UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DWL INTERNATIONAL, LLC,

    Plaintiff,

    v.

YRC LOGISTICS GLOBAL, LLC,

    Defendant.

No. 10 C 1560
Judge James B. Zagel

## MEMORANDUM OPINION AND ORDER

Plaintiff DWL International, LLC ("DWL") filed its complaint against Defendant to enjoin arbitration proceedings and obtain a declaration that no valid International Agency Agreement or arbitration agreement exists between the parties. Defendant, YRC Logistics, LLC ("YRC") moved to compel DWL to engage in arbitration, pursuant to the Federal Arbitration Act, 9 U.S.C. § 3-4. An evidentiary hearing was held on August 25, 2010 regarding the validity of an executed International Agency Agreement ("Agreement"). The Agreement provides that all disputes and controversies shall be arbitrated in Chicago, Illinois pursuant to the Rules of the Society of Maritime Arbitrators, Inc. and the United States Arbitration Act. Given the evidence presented at the hearing, and for the reasons stated in open court, I find that the Agreement is valid. Accordingly, Plaintiff DWL is ordered to participate in the arbitration pursuant to the terms of the Agreement.

## I. BACKGROUND

DWL seeks to enjoin an arbitration proceeding that was initiated in September of 2009. DWL is a Dutch limited liability corporation that provides forwarding and logistic services. YRC is a United States freight forwarder and a shareholder of JHJ, a Chinese non-vessel operating common carrier that provides transportation and logistics services between the People's Republic of China and various other countries.

YRC sought to initiate an arbitration proceeding against DWL based on an arbitration clause contained in an executed International Agency Agreement ("Agreement") between the parties. DWL denies that it ever signed or agreed to be bound by the Agreement. Two signatures appear on the Agreement, allegedly of Pieter Dubbeld ("Dubbeld") and Paulus Wetzels ("Wetzels"). Both Dubbeld and Wetzels submitted affidavits denying that the signatures that appear on the Agreement are their own. An evidentiary hearing was held to determine the authenticity of the signatures that appear on the Agreement.

## II. FINDINGS OF FACT

1. The Agreement was signed by person or persons authorized by DWL to sign for both Dubbeld and Wetzels.

2. The Agreement is valid and binding on both parties.

## III. CONCLUSIONS OF LAW

1. The Agreement was properly executed and enforceable.

2. DWL and YRC are bound by the Agreement.

## IV. CONCLUSION

For the foregoing reasons, and the reasons stated in open court, I find that the Agreement is valid and enforceable. DWL is ordered to participate in the arbitration proceeding initiated in September 2009. Costs are awarded to Defendant, YRC.

ENTER:

_____
James B. Zagel
United States District Judge

DATE: September 2, 2010